## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

TYRONE SWIFT, ADC #116284                                    PETITIONER

V.                              NO. 5:18-CV-00115-KGB-JTR

WENDY KELLEY, Director of
Arkansas Department of Correction                            RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I.  Background

Pending before the Court is a § 2254 Petition for Writ of Habeas Corpus filed by Petitioner Tyrone Swift ("Swift"). *Doc. 2*. Before addressing Swift's habeas claims, the Court will review the procedural history of the case in state court.

On November 12, 2013, Swift pleaded "no contest" to first-degree battery and first-degree criminal mischief in Pulaski County Circuit Court. *Id. at 1*; *State v. Swift*,

1

Pulaski County Cir. Ct. Case No. 60CR-12-2645.[1] On December 17, 2013, Swift was sentenced to 15 years for the first-degree battery conviction and 10 years for the criminal mischief conviction, to be served consecutively. *Id*.; Sentencing Order, *Doc. 8-2*. By pleading no contest, Swift waived his right to a direct appeal. Ark. R. App. P. Crim. 1.

On January 8, 2014, Swift filed a "Motion for Rehearing on Ineffective Assistance of Counsel" in the trial court. *Doc. 8-4*. On January 9, 2014, Swift filed a second "Motion for Ineffective Assistance of Counsel." *Doc. 8-5*.

The court construed Swift's two Motions together as a timely Rule 37 Petition. On May 28, 2014, the court conducted a Rule 37 hearing, during which Swift called no witnesses to support his claims. *Doc. 8-6*. On June 25, 2014, the court entered an order denying Rule 37 relief. *Id*. Swift did not appeal.

On January 21, 2015, Swift filed a Petition for Writ of Error Coram Nobis (*Doc. 8-7*), which the trial court denied on March 10, 2015 (*Doc. 8-8*). Swift appealed.

On October 22, 2015, the Arkansas Supreme Court dismissed Swift's appeal, concluding that it was clear from the petition that he could not prevail if permitted to go forward. *Swift v. State*, 2015 Ark. 381 (2015); *Doc. 8-9*.

---

[1] The docket is accessible online at https://caseinfo.aoc.arkansas.gov.

On November 24, 2015, Swift filed an "Amended [Rule 37] Petition for Post-Conviction Relief" in the trial court. *Doc. 8-11*. On December 9, 2015, the trial court denied the petition on the grounds it was untimely and successive. *Doc. 8-12*. Swift did not appeal.

On January 6, 2016, Swift filed a "Motion for Approp[r]iate Relief" in the trial court. *Doc. 8-13*. On February 1, 2016, the court denied the motion as an untimely and successive Rule 37 Petition. *Doc. 8-14*. Swift did not appeal.

On November 22, 2016, Swift filed a "Motion to Correct an Illegal Sentence Pursuant to Ark. Code Ann. § 16-90-111" in the trial court. *Docs. 8-15, 8-16*. On March 2, 2017, the court denied relief. *Doc. 8-17*. Swift appealed, and, on March 8, 2018, the Arkansas Supreme Court affirmed. *Swift v. State*, 2018 Ark. 74, 540 S.W.3d 288 (2018); *Doc. 8-21*.

On May 1, 2018,[2] Swift initiated this § 2254 habeas action in which he claims that: (1) his trial counsel was constitutionally ineffective for failing to advise him, before he entered his "no contest" guilty plea, that he would be required to serve 100% of the 15-year sentence for first-degree battery based on a prior violent felony;

---

[2] The Clerk of Court received and file-stamped Swift's habeas Petition on May 7, 2018. Because Swift placed his habeas Petition in the prison mailing system on May 1, 2018, it was deemed to be "filed," as a matter of law, on May 1, 2018. *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999); Rule 3(d), Rules Governing § 2254 Cases in United States District Courts.

and (2) Arkansas Act 1805 of 2001, codified at Ark. Code Ann. § 16-93-609,[3] is unconstitutionally vague. *Doc. 2*.

On June 18, 2018, Respondent filed a Response (*Doc. 8*) in which she argues Swift's habeas claims are time-barred, procedurally defaulted, and fail on the merits. *Id*. On July 13, 2018, Swift filed his Reply. *Doc. 10*.

For the reasons discussed below, the Court concludes that, because all of Swift's habeas claims are time-barred, his habeas Petition should be dismissed, with prejudice.[4]

## II.  Discussion

### A.    AEDPA's One-Year Statute of Limitations

Generally, a state prisoner seeking to challenge his state court conviction in federal court must file a petition for habeas relief within one year after the state "judgment of conviction becomes final" by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).  While Swift pleaded "no contest" to the charges of first-degree battery and first-degree

---

[3] Ark. Code Ann. § 16-93-609 provides that any person who commits a violent felony offense after August 13, 2001, and who has previously been found guilty of, pleaded guilty to, or pleaded no contest to a violent felony offense, shall not be eligible for parole.

[4] Accordingly, the Court need not address Respondent's alternative arguments for dismissal.

criminal mischief, it has the same legal effect as a guilty plea.[5] Under Arkansas law, by entering a plea of guilty, a defendant gives up the right to a direct appeal of his conviction. Ark. R. App. P. Crim. 1.  Nevertheless, if a defendant pleads guilty, the one-year limitations period for filing a § 2254 habeas action still remains tolled for the thirty-day period allowed by statute for a defendant (who has been found guilty) to file a notice of appeal of his state court conviction. Ark. R. App. P. Crim. 2(a)(1); *see Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015).

Swift entered his "no contest" plea of guilty on November 12, 2013. *Doc. 2 at 1*. On December 17, 2013, the trial court entered its judgment of conviction and sentence, which began the thirty day period for an appeal. *Doc. 8-3 at 14-15*. Thus, Swift's judgment of conviction became final on January 17, 2014. Under 28 U.S.C. § 2244(d)(1)(A), he had one year from that date, or until January 20, 2015,[6] to file his federal habeas Petition, *subject to* any applicable periods of statutory or equitable tolling.

---

[5] "The plea of nolo contendere [no contest] to a charge in a criminal case is an admission of guilt in the criminal case." *See Seaton v. State*, 324 Ark. 236, 237, 920 S.W.2d 13, 14 (1996) (citations omitted) (also holding that procedural rules governing pleas of guilty and nolo contendere make no distinction between the pleas for the purposes of seeking postconviction relief); *see also Ashby v. State*, 297 Ark. 315, 319, 761 S.W.2d 912, 914 (1988) (trial courts are required to treat a plea of nolo contendere the same as if it were a plea of guilty).

[6] Because the final day of the limitations period fell on Saturday, January 17, 2015, and Monday, January 19, 2015, was Martin Luther King, Jr. Day, the limitations period expired on Tuesday, January 20, 2015. Fed. R. Civ. P. 6(a).

### B.    Statutory Tolling

AEDPA provides that the one-year limitations period is tolled while a "properly filed" Rule 37 Petition for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Arkansas law required Swift to "properly file" a Rule 37 petition within ninety days of December 17, 2013, the date the judgment of conviction was filed. Ark. R. Crim. P. 37.2(c)(ii); *Seaton v. State*, 1996, 920 S.W.2d 13, 324 Ark. 236 (the rule requiring a Rule 37 petition to be filed within 90 days of the judgment being entered after plea of guilty also applies to a plea of no contest). Thus, Swift had until and including March 17, 2014, to file a Rule 37 Petition in Pulaski County Circuit Court.

On January 8, 2014, Swift filed a timely Rule 37 Petition with the trial court, alleging ineffective assistance of counsel.[7] Thus, it tolled any initial running of the one-year limitations period under § 2244(d)(2).

---

[7] In those motions Swift alleged that: (1) his trial counsel failed to put forward evidence, during the sentencing phase, that Swift suffered a seizure on the day of the conduct underlying his convictions, leaving him without the mental capacity to commit the two criminal offenses (to which he had already pleaded no contest); and (2) his trial counsel "deceived me into pleading guilty [*sic*] with promises I would receive a five year sentence upon pleading guilty [*sic*]." *Doc. 8-4 at 1-2*; *Doc. 8-5 at 1*. Claims of ineffective assistance of counsel are properly raised in a timely

When the trial court denied Swift's Rule 37 Petition on June 25, 2014, he had thirty days, until and including July 25, 2014, to file a notice of appeal. Ark. R. App. P. Crim. 2(a).[8]  Swift did not file a notice of appeal, which means the one-year limitations period for initiating this habeas action began to run on July 26, 2014.

On January 21, 2015, 179 days later, Swift filed a Petition for Writ of Error Coram Nobis, which again tolled the statute of limitations.[9] On October 22, 2015, the Arkansas Supreme Court dismissed Swift's appeal from the trial court's denial of his Petition for Writ of Error Coram Nobis. Thus, the one-year limitations period resumed running on October 23, 2015.  *King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012) (limitations period tolled from filing of Rule 37 Petition to the date the

---

petition pursuant to Ark. R. Crim. P. 37. *See McArty v. State*, 335 Ark. 445, 448, 983 S.W.2d 418, 419 (1998) (citing *Williams v. Langston*, 285 Ark. 444, 688 S.W.2d 285 (1985)).

[8] The Eighth Circuit has held that an application is "pending" until the time for appeal expires. *Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009) (citing *Williams v. Bruton*, 299 F.3d 981 (8th Cir. 2002)); *see also Coulter v. Kelley*, 871 F.3d 612, 622 (8th Cir.), judgment vacated on other grounds, appeal dismissed, 876 F.3d 1112 (8th Cir. 2017). While contending that these decisions were wrongly decided, in light of *Evans v. Chavis*, 546 U.S. 189 (2006), Respondent notes that Swift's habeas Petition is still untimely, even under the Court's holdings in *Streu* and *Williams*.

[9] Under Arkansas law, a writ of error coram nobis is a state post-conviction remedy available to correct fundamental errors, including coerced pleas and insanity at the time of trial. *Thacker v. State*, 2016 Ark. 350, 3, 500 S.W.3d 736, 739 (2016). Respondent concedes that Swift's Petition for Writ of Error Coram Nobis was a properly filed post-conviction application in state court for purposes of § 2244(d)(1)(A). *Doc. 8 at 8*. The Court agrees. *See Bean v. Kelley*, No. 5:15-cv-00298, 2016 WL 1626637, at *3 (E.D. Ark. Apr. 21, 2016).

Arkansas Supreme Court dismissed the appeal).  At this point, Swift had 186 days, or until and including April 26, 2016, to file a timely § 2254 habeas Petition.[10]

The calculation of the commencement, running, and statutory tolling of the one-year limitations period is summarized below:

| | |
|---|---|
| January 17, 2014 | Swift's judgment of conviction becomes final for purposes of AEDPA, but his pending Rule 37 Petition tolls the running of the one-year limitations period. |
| June 25, 2014 | The trial court denies his Rule 37 Petition, and Swift has thirty days, until and including July 25, 2014, to file a notice of appeal. |
| July 26, 2014 | Swift does not file an appeal and the one-year limitations period begins to run. |

➔ *179 days run against the limitations period*

| | |
|---|---|
| January 21, 2015 | The limitations period is tolled by Swift properly filing a Petition for Writ of Error Coram Nobis in state court. |

---

[10] None of Swift's subsequent state court post-conviction proceedings had any tolling effect. The trial court denied Swift's "Amended Petition for Post-Conviction Relief" filed on November 24, 2015 (*Doc. 8-11*), and his "Motion for Approp[r]iate Relief" filed on January 6, 2016 (*Doc. 8-13*), as untimely, successive Rule 37 Petitions.  If a state court finds that a post-conviction petition fails to comply with the applicable filing requirements, "that is the end of the matter" for purposes of determining whether it was "properly filed" under § 2244(d)(2). *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 414 (2005)); *Walker v. Norris*, 436 F.3d 1026, 1030-32 (8th Cir. 2006).

Additionally, Swift's "Motion to Correct Illegal Sentence," which he filed on November 22, 2016, had no tolling effect because it was filed six months *after* the expiration of the one-year limitations period for initiating this action. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (pendency of state post-conviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period).

| October 22, 2015 | The Arkansas Supreme Court dismisses Swift's appeal from the denial of his Petition for Writ of Error Coram Nobis. |
| October 23, 2015 | The limitations period resumes running. |

➔ *186 days run against the limitations period*

| April 26, 2016 | AEDPA's one-year limitations period expires. |
| May 1, 2018 | Swift files this federal habeas Petition. |

Crediting the appropriate intervals of statutory tolling, Swift initiated this habeas action over two years *after* the expiration of the one-year statute of limitations. Thus, his habeas Petition is time-barred *unless* the Court concludes that his untimeliness is excused based on "equitable tolling" or "actual innocence."

## C.    Equitable Tolling

Because § 2244(d) has been held to be a statute of limitation, not a jurisdictional bar, the one-year limitations period may be equitably tolled if a petitioner can demonstrate that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2560, 2562 (2010). "Equitable tolling is an exceedingly narrow window of relief[,]" and "[t]he burden of demonstrating grounds warranting equitable tolling rests with the petitioner." *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (omitting citation); *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

9

In his habeas Petition, Swift contends that he "should be allowed equitable tolling because I have been trying to exhaust all available state court remedies to the best of my abilities as a *pro se* litigant." *Doc. 2 at 13*. However, the Eighth Circuit has repeatedly held that a petitioner's *pro se* status, lack of legal knowledge or resources, or any confusion about the federal limitations period or state post-conviction law does not justify equitable tolling. *Gordon v. Arkansas*, 823 F.3d 1188, 1195, n. 4 (8th Cir. 2016) (rejecting petitioner's argument to apply equitable tolling to period he was attempting to exhaust state-court remedies); *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) (a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does not justify equitable tolling); *Shoemate v. Norris*, 390 F.3d 595, 597-598 (8th Cir. 2004) (same); *Baker v. Norris*, 321 F.3d 769 (8th Cir. 2003) (same).

In his Reply, Swift asserts for the first time that he "is a borderline retard who suffers from seizures and illiteracy . . . he loses hours of time and sometimes days due to his medical condition . . . he has been suffering from this medical condition for more than . . . two decades . . . [and] he has recruited . . . other inmates to help him to exhaust all available remedies." *Doc. 10 at 1*.[11]

---

[11] While Swift alleges in his Reply that "[r]ecords here at the East Arkansas Regional Unit's Infirmary and security logs will show petitioner sometimes suffers from as many as six to eight of

The Eighth Circuit has held that a habeas petitioner's "mental impairment can be an extraordinary circumstance interrupting the limitation period," if the impairment is of sufficient "degree and duration." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) (citing *Nichols v. Dormire*, 11 Fed. Appx. 633, 634 (8th Cir. 2001) (various psychiatric disorders did not mentally impair petitioner to such a degree to interfere with the running of the one-year limitations period)). *See also Carpenter v. Douma*, 840 F.3d 867, 872 (7th Cir. 2016) (habeas petitioner must show that his physical and mental health "actually impaired his ability to pursue his claims"), cert. denied, 137 S. Ct. 2300 (2017); *Bills v. Clark*, 628 F.3d 1092, 1093 (9th Cir. 2010) (petitioner must show "a mental impairment so severe that [he] was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence").

Importantly, while the question of whether equitable tolling is appropriate depends on the totality of the circumstances in a particular case, the Eighth Circuit has made clear that a petitioner must show that his disability "was so severe that it precluded him from filing court documents or seeking the assistance of others to do so." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). This, Swift cannot do.

---

these seizures a week[,]" he has provided no records or other evidence to support this assertion. *Doc. 10 at 1.*

In his Reply, Swift admits that he has received help from other inmates in filing not only this habeas Petition, but also the Rule 37 Petitions, Petition for Writ of Error Coram Nobis, and "the like" in state court. *Doc. 10 at 1, 5*. Indeed, while the one-year limitations period for filing this habeas action was running, Swift filed in state court an "Amended Petition for Post-Conviction Relief", on November 24, 2015, and a "Motion for Approp[r]iate Relief", on January 6, 2016. *Docs. 8-11 and 8-13*. After the limitations period expired, on April 26, 2016, Swift continued to file documents in state court[12] and federal court.[13] Thus, Swift's demonstrated ability to pursue his claims in state and federal court seriously undermine his eleventh hour argument that he is impaired to such a degree that it prevented him from filing a timely § 2254 habeas Petition.

Swift has failed to demonstrate that his alleged mental impairment was of a "sufficient degree and duration" that it precluded him from seeking § 2254 habeas

---

[12] As noted above, Swift filed a Motion to Correct an Illegal Sentence Pursuant to Ark. Code Ann. § 16-90-111 (*Doc. 8-15*) on November 22, 2016, and an "amendment" (*Doc. 8-16*) on February 9, 2017. He then appealed the trial court's denial of relief on July 17, 2017. *See* Swift's Appellant Brief (*Doc. 8-18*).

[13] On April 27, 2017, Swift filed an unrelated action in federal court challenging the constitutionality of various Arkansas statutes and court rules, including Rule 37 and Ark. Code Ann. § 5-4-501 (which mandates extended terms of imprisonment for habitual offenders). *Swift v. State of Arkansas*, 4:17-cv-283-KGB. The Court ultimately dismissed that action, on May 15, 2018, because it failed to state a claim. *Id. at Doc. 8*.

relief before the applicable limitations period expired. *Martin*, 849 F.3d at 698. Accordingly, Swift is not entitled to any equitable tolling of the limitations period.

### D.    Actual Innocence

Finally, in his Reply, Swift claims he "did not act knowingly or purposely in the actions that led to his arrest." *Doc. 10 at 4.* "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or expiration of the AEDPA statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383 (2013).[14] However, to establish a claim of actual innocence, the petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). Furthermore, to raise a claim of actual innocence, a petitioner must establish: (1) new and reliable evidence that was not presented to the state courts; and (2) that in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997).

Swift fails to put forward *any new* evidence supporting his actual innocence claim. Instead, he points to a "court-ordered neuropsychological evaluation filed on

---

[14] The fact that Swift's conviction was based on a no contest plea (which has the same legal effect as a guilty plea) does not foreclose his actual innocence claim. *See Weeks v. Bowersox*, 119 F.3d 1342, 1355 (8th Cir. 1997) (en banc); *Barrington v. Norris*, 49 F.3d 440, 441 (8th Cir. 1995).

May 21, 2013," *six months before he entered his no contest plea*, that allegedly concluded seizures were the cause of the conduct for which he was criminally charged. *Doc. 10 at 1*. Swift does not provide the report, but *he admits* the neuropsychological evaluation was filed with the trial court on May 21, 2013. Thus, the evaluation was available to the trial court, on July 9, 2013, when it found him fit to proceed to trial. Likewise, both Swift and his attorney had access to the evaluation *before* Swift elected to enter his "no contest" guilty pleas on November 12, 2013.

A forensic report from Swift's other court-ordered mental evaluation, completed on October 18, 2012, was also available to Swift and his counsel before he entered his no contest pleas. The report of that mental evaluation is accessible on the online docket at https://caseinfo.aoc.arkansas.gov. In the evaluation, a psychiatrist concluded that, at the time of the alleged conduct, Swift: (1) did not have a mental disease or defect; (2) had the capacity to appreciate the criminality of his conduct; and (3) had the capacity to conform his conduct to the requirements of the law. Thus, Swift and his counsel knew that if Swift proceeded to trial on an insanity defense, the May 21, 2013 report would be strongly and directly rebutted by the October 18, 2012 report.

Because Swift has not provided any *new* evidence upon which the Court could find that he lacked the mental capacity to commit the crimes for which he was convicted, he has failed to meet his burden of presenting *new* evidence of his "actual

14

innocence" that was *unavailable* to him at the time he entered his no contest plea of guilty.

### III.  Conclusion

Swift's § 2254 Petition was filed over two years after the one-year limitations period expired. He has failed to demonstrate any basis for extending or overriding the limitations period. Thus, all of Swift's habeas claims are time-barred and should be dismissed.

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus (*Doc. 1*) be DENIED and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER ORDERED THAT A Certificate of Appealability be DENIED.  *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 5th day of June, 2019.


_____

UNITED STATES MAGISTRATE JUDGE