IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**TYRONE SWIFT**  **PETITIONER**
ADC #116284

v.  Case No. 5:18-cv-115-KGB-JTR

**WENDY KELLEY, Director of**
**Arkansas Department of Correction**  **RESPONDENT**

## ORDER

The Court has received the Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 11). Plaintiff Tyrone Swift filed an objection to the Recommended Disposition (Dkt. No. 12). After a review of the Recommended Disposition and Mr. Swift's objection, as well as a *de novo* review of the record, the Court adopts the Recommended Disposition in its entirety (Dkt. No. 11). As a result, the Court dismisses with prejudice Mr. Swift's claims.

The Court denies as moot Mr. Swift's motion for status (Dkt. No. 13). The Court grants Mr. Swift's motion for copies and directs the Clerk of Court to send to Mr. Swift, along with a copy of this Order and the accompanying judgment, a copy of the docket sheet in his case (Dkt. No. 14). Mr. Swift may request copies of any other documents by requesting copies in a formal written motion filed with the Court and referencing the document by its docket number or title, as indicated on the docket sheet. Mr. Swift has informed the Court that his address has changed (Dkt. Nos. 14, 15). The Court directs the Clerk to update Mr. Swift's address on record to the most recent address he has provided in Brickeys, Arkansas (Dkt. No. 15).

The Court writes separately to address Mr. Swift's objection (Dkt. No. 12). According to the Recommended Disposition, Mr. Swift's § 2254 petition for writ of habeas corpus is time-

barred, and Mr. Swift failed to demonstrate any basis for extending or overriding the limitations period (Dkt. No. 11, at 15). Mr. Swift contends that, "the court construes Swift's two motions together as a timely Rule 37 petition, and they conducted a hearing, yet the state failed to provide counsel to protect Swift's rights[,] which has caused Swift's time default." (Dkt. No. 12, at 1). Mr. Swift claims that "had the state afforded Swift counsel at his Rule 37 hearing[,] he would have been able to generate the necessary evidence to prove his trial counsel was ineffective." (*Id.*, at 4). He also claims that he meets the cause exception to the statute of limitations under § 2254 "by having no counsel for his initial review." (*Id.*)

Rule 37.3 of the Arkansas Rules of Criminal Procedure states that, "the court may, at its discretion, appoint counsel for the petitioner." Ark R. Crim. P. Rule 37.3. Arkansas courts have made clear that the court's decision to appoint counsel for a Rule 37 petition is discretionary, not mandated. *See e.g., Lane v. Arkansas,* 564 S.W.3d 524, 533 (2019); *Williams v. Porch,* 534 S.W.3d 152, 154 (2018); *Detherow v. Arkansas,* 476 S.W.3d 155 (2015); *Viveros v. Arkansas,* 277 S.W.3d 223, 225 (2008). Mr. Swift provides no basis upon which the Court might determine that discretion was abused here. Furthermore, as Judge Ray explains in the Recommended Disposition (Dkt. No. 11, at 10), a petitioner's *pro se* status, lack of legal knowledge or resources, or any confusion about the federal limitations period or state post-conviction law does not justify equitable tolling. *Gordon v. Arkansas,* 823 F.3d 1188, 1195, n.4 (8th Cir. 2016). For these reasons, the Court adopts the Recommended Disposition as its findings in all respects.

It is therefore ordered that:

1. The Court adopts in its entirety the Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 11);

2. The Court denies Mr. Swift's 28 U.S.C. § 2254 petition for writ of habeas corpus;

3. The Court dismisses with prejudice this case;

4. The Court declines to issue a certificate of appealability, *see* 28 U.S.C. §2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; and

5. The Court denies as moot Mr. Swift's motion for status (Dkt. No. 13), grants Mr. Swift's motion for copies (Dkt. No. 14), and directs the Clerk to update Mr. Swift's address of record consistent with the notice he filed (Dkt. No. 15).

It is so ordered this 27th day of January, 2020.

_____
Kristine G. Baker
United States District Judge